UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORCHEN/MARTIN ASSOCIATES, INC.,

       Plaintiff,

v.

                                      Case Number 11-10561-BC
                                      Honorable Thomas L. Ludington

THE BROOK OF CHEBOYGAN, INC., and
PRACTICAL ENGINEERS, INC.,

       Defendants.

_____ /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING PLAINTIFF'S LANHAM ACT AND CONSPIRACY CLAIMS WITH PREJUDICE, AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

On February 11, 2011, Plaintiff Dorchen/Martin Associates, Inc. ("Plaintiff"), filed a complaint against Defendants The Brook of Cheboygan ("The Brook") and Practical Engineers, Inc. ("Practical Engineers") (collectively "Defendants") alleging copyright infringement, violation of the Lanham Act, 15 U.S.C. § 1125, and civil conspiracy.  Plaintiff's claims arise from Practical Engineers performing architectural and engineering services for The Brook, producing a product that is allegedly substantially similar to the product Plaintiff furnished under contract for non-party The Brook of Houghton Lake, Inc.  The Brook of Houghton Lake, Inc., shares the same officers and directors with The Brook.

Defendants filed a motion to dismiss on March 11, 2011. ECF No. 6. Defendants generally allege that the complaint fails to plead any facts sufficient to support a claim for relief meeting the Sixth Circuit's standard for copyright infringement.  Defendants further allege that the Sixth Circuit does not recognize a claim for false advertising under the Lanham Act and that Plaintiff's civil conspiracy claim is not an identifiable, independent claim but a "backdoor" attempt to plead a state

law claim derived from the federal claims. ECF No. 6 at 3.

Plaintiff filed a response on April 1, 2011. ECF No. 8. Plaintiff contends that the complaint provides sufficient operative facts to sustain a cause of action for copyright infringement, that the Lanham Act violations remain a viable cause of action, and that because the federal claims must survive a motion to dismiss, so too must the civil conspiracy claim. Defendants filed a reply [Dkt. #10] on April 11, 2011.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons stated herein, the Court will grant Defendants' motion but provide Plaintiff leave to amend Count I of the complaint because the pleading deficiency may be remedied by including more factual detail regarding the alleged copyright infringement.

## I.   Facts

Plaintiff provides architectural and related design services. It entered into an agreement with The Brook of Houghton Lake, Inc., which is not a party to the action, for the preparation of architectural design and related work for an assisted living facility project in Houghton Lake, Michigan. Plaintiff alleges it is the author and owner of the copy and use rights in the architectural and related design work that was utilized at The Brook of Houghton Lake. The design rendering for the construction project included a copyright warning notifying those who view the designs that Plaintiff is the copyright owner and that unauthorized use or reuse of the design work is prohibited. Plaintiff's copyright was registered with the United States Copyright office on October 9, 2009.

The Brook was incorporated on or about May 8, 2009, and the three officers and directors of The Brook also constitute three of the four officers and directors of The Brook of Houghton Lake. More specifically, William Carey, James DeWitt, and Diane Friedriechsen are identified with the Michigan Department of Commerce as officers and directors of both entities.

Plaintiff was informed in mid-2009 that The Brook intended to construct an assisted living facility in Cheboygan. Plaintiff explains that it informed The Brook that use or reuse of its work product on the Houghton Lake project was prohibited. The Brook's vice president, William Carey, advised Plaintiff that its design product would only be used to demonstrate the exterior appearance of The Brook facility. Practical Engineering was subsequently retained to prepare architectural and engineering documents for the project. During the course of performance, Plaintiff believes that Practical Engineering had access to Plaintiff's copyrighted work product. Plaintiff contends that in completing the construction of The Brook, Practical Engineering copied Plaintiff's work product which is evidenced by the completed project being substantially similar, if not identical, to Plaintiff's copyrighted design prepared for The Brook of Houghton Lake's construction project.

## II.   Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer. Fed. R. Civ. P. 12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555-56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Copyright infringement lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc*., 299 F. App'x 509, 512 (6th Cir. 2008). Therefore, greater particularity in pleading, through showing "plausible grounds," is required. *Id.*

### III. Discussion

#### A. Plaintiff's Copyright Infringement Claim

To establish copyright infringement, two elements must be proven: ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). Because direct evidence of copyright infringement is rare, a plaintiff may establish "an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue."

*Kohus v. Mariol*, 328 F.3d 848, 854 (6th Cir. 2003) (citation and quotation omitted). Substantial similarity is determined by a two-step test. First, the unoriginal, unprotectible elements that were not independently created by the author and that possess no minimal degree of creativity must be filtered out by using one of a variety of analysis. *Id.* at 855-86. Second, it must be determined whether the allegedly infringing work is substantially similar to the protectible elements of the original. *Id.* at 856.

Defendants advance several arguments in support of their motion. First, Defendants contend that Plaintiff has failed to identify any original, and thus protectible, material contained in the copyrighted architectural work. Instead, Plaintiff's pleadings allege that the infringed-upon "work product" includes the "overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." Compl. ¶ 32. Defendants argue that this description does not identify what Plaintiff is asserting is the protected subject. Furthermore, Defendants contend that "overall form" cannot be protected by copyright law because the Copyright Act expressly exempts copyright protection for any "concept." 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle or discovery . . . .").

Defendants next argues that, to the extent that any of Plaintiff's design features are driven by functionality requirements or are elements that are dictated by external factors such as particular business practices, they cannot be protected under the merger doctrine of copyright law. *Kohus*, 328 F.3d at 856 (noting that the merger doctrine established that "[w]hen there is essentially only one way to express an idea, the idea and its expression are inseparable and copyright is no bar to copying that expression."). Defendants, however, do not explain what features they believe might be

excluded from protection under the merger doctrine. Moreover, giving attention to Defendants' second argument regarding the "functionality requirements" or "external requirements," would require considering additional facts not contained in the pleadings. Accordingly, these arguments may not be addressed in the context of Defendants' Rule 12(b)(6) motion to dismiss. Defendants' final argument is that because the complaint does not identify any original contribution by Plaintiff, including any preexisting designs for an assisted-living facility that may have been the "starting-point" for the plans of its 2004 copyright registration, the complaint must be dismissed for failure to state a claim.

In its response, Plaintiff argues that it has pleaded facts sufficient to avoid dismissal because there is a presumption of validity of a registered copyright. *See Boisson v. Banian*, 273 F.3d 262, 267 (2d Cir. 2001) (noting that a certificate of registration constitutes prima facie evidence of the validity of a copyright); *Langman Fabrics v. Graff Caliorniawear*, 160 F.2d 106, 111 (2d Cir. 1998) (finding that issue and possession of a certificate of registration creates a rebuttal presumption that the facts stated in the certificate are true); *see also Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (stating that the parties challenging the validity of the copyright have the burden to prove the contrary). Plaintiff does not otherwise respond to Defendants' arguments regarding the insufficiency of the pleadings.

In *National Business Development Services, Inc. v. American Credit Education and Consulting, Inc.*, *supra*, the Sixth Circuit upheld dismissal of the plaintiff's complaint which contained a "blanket assertion of entitlement to relief," but did not "contain any factual allegations supporting that assertion." 299 F. App'x at 512. There was neither an identification of a work produced by the defendants that infringed upon the plaintiff's copyrighted work, nor a description

of the manner in which the defendants' works infringed upon the plaintiff's work. *Id.* The Sixth Circuit concluded that a district court is not required to accept such bare legal conclusions. *Id.* The Sixth Circuit agreed with the district court that the plaintiff's complaint amounted to no more than a speculative claim that the defendants may have produced some work that in some way infringed upon the plaintiff's works and therefore was an insufficient pleading. *Id.*

In this case, Plaintiff does not satisfy the "greater particularity in pleading" requirement for copyright actions. Although Plaintiff has identified a work product that infringed on Plaintiff's copyrighted work—albeit by simply alleging the finished facility as a whole is "substantially similar"—Plaintiff has not described the manner in which Defendants' work infringed upon Plaintiff's product in order to adequately give Defendants notice of the claim against them. Plaintiff's pleadings provide insufficient "bare legal conclusions" and are similar to the rejected "speculative claim" in *National Business Development Services.* Defendants' challenge of the originality of Plaintiff's copyrighted works further highlights this pleading deficiency. This conclusion remains the same regardless of the presumptive validity of Plaintiff's registered copyright. Defendants' motion to dismiss Plaintiff's copyright claim will thus be granted.

Plaintiff, however, may be able to remedy the pleading deficiency by including more factual detail regarding the alleged copyright infringement in order to plead a viable copyright claim. In the interests of judicial economy, it is appropriate to allow Plaintiff leave to amend Count I.

### B. Plaintiff's Lanham Act Claim

A Lanham Act claim under 15 U.S.C. § 1125(a) for false designation of origin must contain two elements: (1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion. *Lyon v. Quality*

*Courts United, Inc.*, 249 F.2d 790, 795 (6th Cir. 1957). Another court has described the necessary elements of a false designation claim as "an effect on interstate commerce, and a false designation of origin or false description or representation of the goods or services." *Consumers Union of the United States v. New Regina Corp.*, 664 F. Supp. 753, 764 n.12 (S.D.N.Y.1997). A description of origin will be considered false if it creates a likelihood of confusion in the consuming public. *Id.*

Although the jurisdictional interstate commerce element is necessary, " 'likelihood of confusion is the essence of an unfair competition claim.' " *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1123 (6th Cir. 1996) (quoting *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 604 (6th Cir. 1991)). Under the more common variety of Lanham Act claim, the plaintiff asserts that the defendant is using a mark, such as a trademark or service mark, that is so similar to the plaintiff's mark that the public is likely to confuse the defendant's product for that of the plaintiff. *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998). By this act of deception, the infringing defendant can benefit from the plaintiff's goodwill without having to pay for it—in effect, the defendant steals the plaintiff's customers. *Id.*

In such cases, this Circuit has provided eight factors to be considered in assessing the likelihood of confusion, including: (1) the strength of plaintiff's mark, including how well-known and distinctive it is; (2) the relatedness of the services or goods offered by the plaintiff and he defendant; (3) the similarity between the marks; (4) evidence of actual confusion; (5) marketing channels used by the plaintiff and the defendant; (6) likely degree of purchaser care and sophistication; (7) intent of the defendant in selecting the mark; and (8) likelihood of expansion of the product lines using the marks. *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1106 (6th Cir. 1991) (citing *Frisch's Rests., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1264

(6th Cir. 1985) and *Frisch's Rests., Inc. v. Elby's Big Boy, Inc.*, 670 F.2d 642 (6th Cir. 1982), *cert. denied*, 459 U.S. 916 (1982)). As the Sixth Circuit has noted, "the eight factors are not an end in themselves, and are not all of equal significance." *Champions Golf Club*, 78 F.3d at 1122. Furthermore, "[t]hey imply no mathematical precision, and a plaintiff need not show that all, or even most, of the factors listed are present in any particular case to be successful." *Id.* at 1116 (quoting *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1186 (6th Cir. 1988)).

Defendants contend that Plaintiff's Lanham Act claim must be dismissed as untenable under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003). In *Dastar Corp.*, the Supreme Court concluded that § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), did not apply to a case in which the defendant had taken video content from an old television series which had entered the public domain when its copyright expired, made minor alterations to it, and published a new video set under its own name. *Id.* at 31. The Court distinguished that case from a hypothetical one in which the plaintiff "had bought some of [defendant's] videotapes and merely repackaged them as its own," which would have constituted a Lanham Act violation. *Id.* at 31. The Court considered the meaning of the phrase "origin of goods" in § 43(a) and concluded that it "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 37. In other words, taking tangible goods and reselling them as your own constitutes a Lanham Act violation; taking the intellectual property contained in those goods and incorporating it into your own goods does not. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 149 (5th Cir.2004); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 252 (1st Cir.2004). Defendants submit that here, Plaintiff's materials were not used for the Cheboygan Brook project but instead Practical Engineers prepared its own plans that differ

substantially from Plaintiff's 2004 plans and Plaintiff thus cannot meet the "tangible goods" requirement.

Plaintiff responds that *Dastar* offers a more narrow precedent than Defendant suggests, and that the case's sole holding is that the Lanham Act precludes claims arising out of free use of materials in the public domain. Plaintiff also contends that whether its work product is "tangible goods" is a factual question that cannot be reached under a 12(b)(6) motion to dismiss.

Plaintiff also offers *Johnson v. Jones*, *supra*, as instructive. In *Johnson*, the plaintiff was an architect who was engaged to design and build a custom residence. *Id.* at 497. After the design work was complete, the owner and the architect were unable to agree on the terms of the contract. *Id.* at 497. The delay in contract negotiations led to the owner firing Johnson and hiring another architect, Tosch, and new builder. *Id.* at 497. Tosch expressed concerns that Johnson's drawings for the home had copyright notices on them and refused to proceed until the issue was resolved. *Id.* at 499. However, Tosch was subsequently informed by the city inspector that he would need to submit new plans and apply for a new building permit because Johnson and the builder who submitted the original plans were no longer on the project and the approvals were no longer valid. *Id.*

Tosch then procured Johnson's additional drawings, site plan, and demolition drawings from the city inspector who advised that obtaining a new permit would be faster if none of the drawings or specifications on the project were changed. *Id.* Tosch took the drawings and plans which he had obtained from the owner and the city inspector and used them to trace the floor plans and foundation plans. *Id.* Tosch also removed Johnson's name and seal from the drawings he received from the city inspector and then replaced them with his own name and seal. *Id.* Tosch submitted these to the builder, who submitted them to the city inspector for approval. *Id.* Both Tosch and the builder had

been assured by the owner's attorney that there would not be an authorship problem because the project owner was co-owner of the drawings. *Id.* Johnson later learned that Tosch was using his drawings when he visited the jobsite during construction and saw the construction table covered with plans for the project. *Id.*

Johnson then brought suit alleging copyright infringement and a violation of the Lanham Act. *Id.* The trial court concluded that Tosch had committed both a copyright infringement and a Lanham Act violation. *Id.* at 507. More specifically, the trial court concluded that by taking Johnson's name and seal off of the plans and replacing them with his own, Tosch intended for people to assume that the plans were his, and not Johnson's. *Id.* at 503. The trial court further concluded that it would be difficult to imagine what purpose Tosch's actions could have other than to convince anyone who looked at the plans that they were Tosch's work. *Id.* Plaintiff contends that here, it has similarly pleaded that the work product is not in the public domain and that it retains full and unlimited rights to restrict its use. Plaintiff submits that pleading a Lanham Act claim as an alterative theory is consistent with *Dastar* and *Johnson*.

In reply, Defendants argue that Plaintiff's reliance on *Johnson* is misplaced because the important facts are so clearly different.  In *Johnson*, the defendant-architect obtained the physical drawings of another architect, removed the plaintiff-architect's name and seal and replaced them with his own name.  He then passed off the tangible goods as his own for approval by the city inspector. The defendant-architect's actions in *Johnson* are thus incomparable to the facts of the instant case according to Defendants because Plaintiff has not alleged that they are using Plaintiff's 2004 materials as their own. Plaintiff is instead alleging that Defendants had access to Plaintiff's materials through Plaintiff's non-party former client and that Practical Engineers either copied

-11-

Plaintiff's work product in the course of the construction project or had access to Plaintiff's work product resulting in substantially similar architectural design.

In *National Business Development Services, Inc.*, *supra*, the Sixth Circuit concluded that the district court accurately applied the holding of *Dastar*. The district court noted that the plaintiff had not accused the defendants of taking the plaintiff's physical materials, repackaging them, and selling them under the defendants' name. 299 F. App'x at 511. Instead, the plaintiff had accused the defendants of incorporating the plaintiff's copyrighted materials into the defendants' materials. *Id.* The district court found that, just as the Fifth Circuit held in *Lee*, this type of claim is governed by copyright law, not the Lanham Act and concluded that the plaintiff had failed to plead a cause of action under the Lanham Act. *Id.*; *see also Murray Hill Publ'ns v. ABC Commc'ns, Inc.*, 264 F.3d 622, 634-35 (6th Cir. 2001) (stating that extending the Lanham Act to cover circumstances where an artist had not received proper credit would simply transform every copyright action into a Lanham Act action as well). The Sixth Circuit affirmed the district court's conclusion. *Id.*

In the instant case, Plaintiff has similarly accused Defendants of incorporating Plaintiff's copyright materials into their own and has "camouflaged" a copyright infringement claim as a Lanham Act claim. Plaintiff's proposed reading of *Dastar* is, however, too narrow and ignores subsequent caselaw construing it in a similar way as Defendants have suggested is appropriate in this case. More specifically, Plaintiff alleges that Defendants had access to Plaintiff's copyrighted materials and that the end product was "substantially similar" to Plaintiff's end-product in the other assisted-living facility construction. Plaintiff does not allege that Defendants took Plaintiff's copyrighted materials and began selling them under either Defendants' name, intending for people to assume that the plans were Defendants and not Plaintiff's. As a result, Defendants motion to

dismiss this claim will be granted.

### C. Plaintiff's Civil Conspiracy Claim

Defendants finally contend that Plaintiff's civil conspiracy claim fails under the preemption clause of the Copyright Act, 17 U.S.C. § 301(a). Section 301(a) provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title." Defendants argue that this language does not permit Plaintiff to plead an equivalent state law claim while linked to the copyright infringement claim. Defendants also argue that a civil conspiracy claim based on the copyright infringement claim should be dismissed because Plaintiff's copyright infringement claim has been insufficiently pleaded. Furthermore, Defendants assert that a civil conspiracy claim predicated on a violation of the Lanham Act also cannot survive Defendants' motion to dismiss for the reasons Defendants provided above.

Plaintiff responds that there is a strong presumption against federal law preempting state law and contends that there is no evidence the Copyright Act was meant to preempt a state law claim for civil conspiracy because federal law offers no redress where two or more individuals conspire to infringe on a copyright. Plaintiff's proposition is, however, incorrect. Michigan courts have held that federal copyright law preempts a state law conspiracy claim. *See Aqua Bay Concepts, Inc. v. Grosse Pointe Bd. of Realtors*, No. 91-74819, 1992 U.S. Dist. LEXIS 16038, at *24 (E.D. Mich. May 7, 1992). Because federal copyright law preempts the conspiracy claim, it must be dismissed. *Gabay v. Park West Galleries, Inc.*, No. 10-12702, 2010 WL 5391464, at *8 (E.D. Mich. 2010).

### IV. Conclusion

Accordingly, it is **ORDERED** that Defendants' motion to dismiss (ECF No. 6) is **GRANTED**.

-13-

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff is granted leave to amend Count I of its complaint.

Plaintiff's amended complaint is due on or before February 1, 2012.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 18, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS