UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORCHEN/MARTIN ASSOC., INC.,

    Plaintiff,                               CASE NO: 11-10561

vs.                                       DISTRICT JUDGE THOMAS L. LUDINGTON
                                          MAGISTRATE JUDGE CHARLES E. BINDER

THE BROOK OF CHEBOYGAN,
and PRACTICAL ENGINEERS, INC.,

    Defendants.
_____/

## ORDER ON MOTION FOR PROTECTIVE ORDER
(Doc. 25)

> This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Introduction**

This is a copyright case involving the architectural design of assisted living facilities. Pending is Defendants' motion for a protective order. The parties do not dispute that some form of protective order is appropriate, but Defendants assert that any such order should provide that certain documents should not only be designated "confidential" but "confidential–attorney's eyes only." After review of the pleadings, I conclude that, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for decision without oral argument.

**II.    Analysis and Conclusions**

The standards governing the decision of this motion are well stated by Magistrate Judge Majzoub in *Consolidated Rail Corp. v Grand Trunk Western Railroad Co.,* No. 09-CV-10179, 2010

WL 2331039, at *1 (E.D. Mich. June 10, 2010)(citations omitted):

> Federal Rule of Civil Procedure 26(c) provides that for good cause shown, a party may seek an order that limits the scope and dissemination of discoverable information.  The Court has broad discretion to fashion an appropriate protective order.

A party seeking a protective order must describe the alleged harm "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004).  In the business context, such a showing requires "specific demonstrations of fact, supported where possible by affidavits and concrete examples..." *Deford v. Schmid Prod. Co.*, 120 F.R.D. 648, 653 (D. Md.1987), *accord Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745-46 (E.D. Mich. 2001).  The requested protective order, "confidential–attorney's eyes only," is "the most restrictive possible protective order, confining dissemination of discovery materials to plaintiff's attorneys and expert witnesses only" and its overuse makes it "difficult, and perhaps impossible for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client." *Arvco Container Corp. v. Weyerhaeuser Co.,* No. 1:08-cv-548, 2009 WL 311125 (W.D. Mich. Feb. 9, 2009)(denying motion for attorney eyes' only protective order where defendant failed to establish pricing structure was proprietary and where record showed only that defendant did not trust plaintiff and would be uncomfortable if plaintiff's business executives had access to the material).

In the instant case, Defendants "submit [that] good cause exists" but they make no specific allegations, let alone demonstrations of fact, indicating why good cause exists to impose the most restrictive order regarding the requested information. (Doc. 25 at 4.)  After review of the motion, the response and the accompanying briefs and exhibits, I am unable to find the requisite showing of "good cause" necessary to justify the designation of documents covered by the proposed protective order to be restricted as "confidential–attorney's eyes only."  The motion will therefore be denied.

**III.    Order**

For the reasons stated above, **IT IS ORDERED** that Defendants' Motion for Protective Order (Doc. 25) is **DENIED**.  The parties may enter a Protective Order consistent with that shown in Exhibit A to the Motion (Doc. 25), excising all reference to the term "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                                      s/ *Charles E Binder*
                                                      CHARLES E. BINDER
Dated: May 29, 2012                                   United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, and electronically served on Frederick Butters, Robert Brandenburg, Robert Seibert and Robert Tuttle.

Date:  May 29, 2012                    By     s/*Jean L. Broucek*
                                       Case Manager to Magistrate Judge Binder