UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORCHEN/MARTIN ASSOCIATES, INC.,

       Plaintiff,                              Case No. 11-10561
                                                      Honorable Thomas L. Ludington

v.

THE BROOK OF CHEBOYGAN, INC.;
PRACTICAL ENGINEERS, INC.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants The Brook of Cheboygan, Inc. and Practical Engineers, Inc. assert in their second motion for summary judgment that any alleged misconduct commenced before Plaintiff registered its copyright, and that Plaintiff is therefore precluded from seeking statutory damages and attorney's fees. Defendants have not complied with E.D. Mich. LR 7.1(b)(2) ("A party must obtain leave of court to file more than one motion for summary judgment."). Plaintiff did not, however, raise any objection to Defendants' second motion. Accordingly, the merits of the motion will be addressed. Defendants' motion will be granted.

**I[1]**

Plaintiff provides comprehensive architectural consulting services for hire. In February 2001, Plaintiff contracted with DeWitt Builders AZ (DBA) to create construction documents, including architectural and structural plans. At issue here is a plan Plaintiff created and first

---

[1] The full factual-recitation can be found in the Court's October 15, 2012 Opinion & Order, ECF No. 58. Because this is Defendants' second motion for summary judgment, only the facts germane to the issues will be discussed.

published in November 2004 — The Brook of Houghton Lake plan.[2]  Defs.' Mot. Summ. J. Ex. 2, ECF No. 35.

In 2009, Plaintiff came to believe that its Houghton Lake Plan had been submitted along with land-use documents in connection with a newly-proposed Brook facility in Cheboygan, Michigan. On September 29, 2009, Plaintiff sent James DeWitt[3] a letter explaining that any use of Plaintiff's plans to build another facility without approval would be copyright infringement. The Brook Retirement Communities' legal representative responded that building plans would "move forward aggressively." Pl.'s Am. Compl. Ex. C. Plaintiff then registered the Houghton Lake Plan with the United States Copyright Office, indicating it was the author of the plan and the copyright claimant. Pl.'s Am. Compl. Ex. A. Certificate of Registration VA 1-688-432 (Registration 432) was then issued with an effective date of October 9, 2009. *Id.*

As indicated, construction of The Brook of Cheboygan facility commenced. Plaintiff filed a complaint, and then an amended complaint, against Defendants Brook and Practical. Plaintiff's Amended Complaint alleges that it created copyrightable material with its Houghton Lake Plan which was copied by Defendants and used to construct The Brook of Cheboygan facility. Defendants have moved for partial summary judgment, alleging that 17 U.S.C. § 412 "bars [Plaintiff] from recovering (i) statutory damages, and (ii) attorney's fees, as remedies in this case." Defs.' Mot. 1, ECF No. 63.

**II**

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The focus must

---

[2] When creating the Houghton Lake Plan, Plaintiff did not contract with DBA, but instead with The Brook of Houghton Lake, Inc.

[3] President of DBA and an officer and/or director of both The Brook of Houghton Lake, Inc. and Defendant The Brook of Cheboygan, Inc.

be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). All justifiable inferences from the evidence must be drawn in the nonmoving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III

In copyright infringement cases, "Statutory damages are designed not solely to compensate the copyright owner for losses incurred, but also to deter future infringement." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). In cases of willful infringement, a court is permitted to increase the award to as much as $150,000. 17 U.S.C. § 504(c)(2). In addition, § 505 provides for the award of costs and attorney's fees at the district court's discretion. Section 412, however, limits the scope of these two sections:

> [N]o award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made . . . [if] any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2). Section 412 "leaves no room for discretion." *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998).

Here, Plaintiff first published the Houghton Lake Plan in November 2004, but the plan was not registered within three months. In fact, the plan was not registered for almost five years. Accordingly, pursuant to § 412(2), Plaintiff cannot recover statutory damages or attorney's fees under the Copyright Act if Defendants' infringement "commenced" before the copyright's effective date of registration — October 9, 2009.

**A**

Plaintiff believes that its Houghton Lake Plan was attached to Defendants' Special Land Use Application for the building project in Cheboygan, and that is how it originally became aware of Defendants' misconduct. After sending a letter informing Defendants as much, and receiving a dismissive response, Plaintiff registered the Houghton Lake Plan (Registration 432). After these events, the Brook of Cheboygan facility was constructed.

In their motion, Defendants cite this sequence of events and argue that the "acts giving rise to the alleged infringement in this case 'commenced' before the effective date of the 432 registration" and this "order of events precludes [Plaintiff] from any recovery of statutory damages or attorney's fees." Defs.' Mot. 5.

Plaintiff contends otherwise, and invites an interpretation of Defendants' actions as independent infringements constituting distinct harms. While Plaintiff agrees that at least one infringement had occurred prior to October 9, 2009, it argues that other independent infringements came later. Pl.'s Resp. 8. According to Plaintiff, "[b]ecause most infringements postdate the October 9, 2009 date of registration, 17 U.S.C. § 412 does not bar the application of statutory damages or attorney's fees as a matter of law." *Id*.

**B**

Defendants' argument is consistent with Sixth Circuit authority. Their land-use application, which allegedly included Plaintiff's plan, would be the first in a series of acts constituting continuing infringement, which "commenced" before the copyright's effective date. As such, Plaintiff is barred from recovering statutory damages or attorney's fees in this case.

In *Johnson*, 149 F.3d 494,[4] the Sixth Circuit addressed whether § 412 bars an award of statutory damages or attorney's fees for post-registration infringements when the initial act of infringement occurred prior to the effective copyright registration date. Resolution of the issue depended on the court's interpretation of "commenced" under the statutory language of § 412. The court first explored the purpose of the statute: "Under § 412, statutory damages and attorney's fees are reserved for infringers who had constructive notice that the work was covered by a valid copyright." *Id*. at 505. The court reasoned that Congress intended that § 412 "provide copyright owners with an incentive to register early and often" in addition to providing "potential infringers with an incentive to check the federal register." *Id*. "These purposes would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts." *Id*. The court then held that "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Id*. at 506.

The Ninth Circuit established the same standard in *Derek Andrew Inc., v. Proof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008), holding that "*the first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Id*. at 701 (emphasis in original). Each circuit to address the issue has held likewise. *See Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, at 330 (4th Cir. 2007) ("infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting infringement occurs.") (quoting *Johnson*, 149 F.3d at 506); *Troll Co. v. Uneeda Doll*

---

[4] *Johnson v. Jones* dealt with subsection 412(1), not 412(2) which applies here. Subsection 412(1) concerns unpublished works while subsection 412(2) deals with published works. Otherwise, the two subsections contain identical language establishing that "any infringement of copyright" that commences "before the effective date of its registration" prohibits the award of statutory damages or attorney's fees. *See* 17 U.S.C. § 412. Accordingly, *Johnsons's* determination of when infringement "commences" applies to 412(1) and 412(2) with equal force. *See Cotter v. Christus Gardens, Inc.*, 238 F.3d 420, at *7 (6th Cir. 2000) (unpublished table opinion) (applying *Johnson's* analysis to published work under § 412(2)).

*Co.*, 483 F.3d 150, 158 (2d Cir. 2007) ("a plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration."); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992) ("a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration.").

Defendants initial alleged misconduct — attaching Plaintiff's Houghton Lake Plan to their special land use application — constitutes the first act in a series of ongoing infringement of the same kind and marks the commencement of infringement under § 412. Plaintiff's argument that this act is somehow a distinct infringement from actual construction of the Brook of Cheboygan is unpersuasive. Attaching the Houghton Lake Plan to the land-use application would be done only to later construct the Cheboygan facility using the plan in some material manner. All of Defendants' alleged infringements in this case involve the same plan and were focused towards one goal: construction of the Brook of Cheboygan facility. Considering any separate acts as distinct infringements would undermine Congress's intent that copyright holders "register early and often." *Johnson*, 149 F.3d at 505.

Further, Plaintiff's reliance on *Roger Miller Music, Inc. v. Sony/ATV Publ'g. LLC*, 477 F.3d 383, 390 (6th Cir. 2007), is misplaced. The case addressed determining how the statute of limitations applies to copyright infringement under § 507(b). *Id.* at 390. *Roger Miller* has no bearing on determining when a series of infringements commence for purposes of § 412. Instead, the proper legal framework is that established by *Johnson* and the other circuit courts to have addressed the issue: namely, "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." 149 F.3d at 506.

Under this standard, Defendants' alleged infringement commenced prior to Plaintiff's registration of the copyright in question, and the collection of statutory damages and attorney's fees is foreclosed.

## IV

Accordingly, it is **ORDERED** that Defendant's Motion for Partial Summary Judgment, ECF No. 63, is **GRANTED**.

Dated: January 11, 2013                 /s Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS