UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORCHEN/MARTIN ASSOCIATES, INC.,

                 Plaintiff,                            Case No. 11-10561
                                                                    Honorable Thomas L. Ludington

v.

THE BROOK OF CHEBOYGAN, INC.;
PRACTICAL ENGINEERS, INC.,

                 Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Dorchen/Martin Associates, Inc. filed this lawsuit against Defendants The Brook of Cheboygan, Inc. and Practical Engineers, Inc. after they allegedly copied one of Plaintiff's architectural plans and used it without license to do so.  Less than three months to go before trial, Plaintiff requests to add two counts and seven defendants to the action.  Plaintiff has not, however, demonstrated that the request complies with the requisite diligence.  Plaintiff's motion to amend will be denied.

**I**

Plaintiff initiated suit on February 11, 2011.  Its first complaint was dismissed, but Plaintiff was granted leave to amend, which it did on February 1, 2012.  Plaintiff's first amended complaint consists of 24 pages and asserts one count of copyright infringement against both Defendants.  Plaintiff alleges that Defendants infringed on its copyrighted architectural plans when they constructed of The Brook of Cheboygan facility during 2009.

Defendants filed an answer to Plaintiff's first amended complaint on February 14, 2012, and two weeks later the Court issued a case management and scheduling order to guide the

ongoing litigation.  *See* Mar. 1, 2012 Case Mgmt. and Scheduling Order, ECF No. 19.  The scheduling order established, among others, the following dates: discovery due August 31, 2012; dispositive motion cut-off September 28, 2012; final pretrial conference February 26, 2013; and trial to commence on March 12, 2013.  *Id*. at 1.

 Nearly four months after the close of discovery, on December 21, 2012, Plaintiff moved for leave to amend its complaint a second time.  Plaintiff claims that there are two other facilities that infringe upon its copyrighted plans — The Brook of Boyne City facility and The Brook of Gaylord facility — facilities it was previously unaware of.[1]  Plaintiff seeks to file a second amended complaint to account for these additional infringements: a 58 page complaint consisting of three counts and nine defendants.

Plaintiff claims that forcing it "to litigate its rights in multiple proceedings" concerning the newly discovered infringements "is not only unduly burdensome, but would constitute a waste of judicial resources."  Pl.'s Mot. 6., ECF No. 71.  Plaintiff goes on to assert that "all of the Defendants are owned, operated or controlled by the same three individuals — James DeWitt, William Carey, and Brian Ross."  *Id*.  Plaintiff wishes to add Mr. DeWitt and Mr. Ross as individual defendants, noting Mr. DeWitt "holds an officer position with Defendant The Brook of Cheboygan, Inc." and Mr. Ross "holds an officer position with Defendant Practical Engineers, Inc."  *Id*. at 6, n.3.  Plaintiff's five other prospective defendants are: DFC of Cheboygan, LLC;  DFC of Boyne City, LLC; The Brook of Boyne City, Inc.; DFC of Gaylord, LLC; and The Brook of Gaylord, Inc.

---

[1] More specifically, Plaintiff claims that on October 22, 2012 it was only "anecdotally aware of the possibility of a second Brook facility that would constitute a copyright infringement located in Boyne City, Michigan." Pl.'s Mot. 4.  And during the third week in November 2012 "entirely by accident, [Plaintiff] stumbled upon yet another duplicate . . . construction [] which appears to have commenced between late September 2012 and late October 2012 in Gaylord." *Id*.

Plaintiff maintains that "no undue or prejudicial delay occurred in the course of formulating and lodging this motion. . . . Given the timing of the Gaylord project, a request for leave to amend . . . could not have occurred earlier." *Id*. at 7.

## II

Federal Rule of Civil Procedure 15 instructs courts to freely grant a party leave to amend its pleadings when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Supreme Court commented on the mandate in Rule 15(a) in *Forman v. Davis*, 371 U.S. 178 (1962), establishing:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Id*. at 182.

Twenty years after the Supreme Court's decision in *Forman*, the 1983 amendments to the Federal Rules of Civil Procedure altered Rule 16 to contain a provision restricting the timing of amendments.  Fed. R. Civ. P. 16, 1983 advisory committee's notes.  Rule 16 provides, in relevant part: "the district judge . . . must issue a scheduling order."  Fed. R. Civ. P. 16(b)(1). That scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  The Rule is designed to ensure that "at some point both the parties and the pleadings will be fixed."  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes).   In order to modify a scheduling order, the movant must show good cause and receive the Court's consent.  Fed. R. Civ. P. 16(b)(4).

### III

There is no dispute that the deadline for amending pleadings in this case has long passed, without any request for an extension.  Though the Rule 16 scheduling order in this matter did not specifically set a deadline for filing motions to amend the pleadings, it did provide, "Requests for extensions of time or modification of the scheduled dates are not routinely granted. . . . The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order." Mar. 1 Case Mgmt. and Scheduling Order 7.  In addition, discovery concluded at the end of August 2012 and the dispositive motions cutoff was the last week of September.  Plaintiff brings its motion to amend at the end of December — less than three months before trial.  Under these circumstances, "the district court could allow Plaintiffs to file their second amended complaint only if the scheduling order was modified." *Leary*, 349 F.3d at 907.

Modification of a scheduling order is governed by Rule 16(b)(4), noted above.  The Rule permits modification "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This means that the party seeking amendment must show "good cause" for its failure to comply with the original schedule "by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.  *Leary* makes clear that a party's request for leave to amend a complaint after a deadline set by the Court for doing so has long passed must be evaluated under the "good cause" standard required to modify a scheduling order prescribed by Rule 16, and not the more liberal standard for amendments prescribed by Rule 15.

"The primary measure of Rule 16's 'good cause' is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  Another important consideration is "possible prejudice to the party opposing the

modification." *Inge*, 281 F.3d at 625. *See also Bradford*, 249 F.3d at 809 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff has not satisfied Rule 16's good cause requirement, nor shown that Defendants will not be prejudiced by a modification, and so its motion to amend will be denied.

As to potential defendants James DeWitt and DFC of Cheboygan, LLC, Plaintiff offers no rationale for why both were not included as defendants from day one. It was Mr. DeWitt that Plaintiff wrote to in September 2009 when it believed infringement was afoot in Cheboygan. *See* Pl.'s Compl. Ex. B, ECF No. 1. Plaintiff knew that James DeWitt was an officer and/or director of Defendant Brook when it filed its very first complaint in February 2011. *See* Pl.'s Compl. ¶ 18. Further, Plaintiff was obviously aware of the alleged infringement posed by The Brook of Cheboygan facility, and through proper diligence should have been able to uncover DFC of Cheboygan, LLC's involvement before almost two years had elapsed. Plaintiff offers no reason for why that did not occur.

Likewise, as to Mr. Ross, Plaintiff does not explain why the gentleman should be joined to the lawsuit now. Plaintiff knows that Mr. Ross is an officer of Defendant Practical, one of the original Defendants in the case. *See* Pl.'s Mot. 6, n.3. In addition, Plaintiff does not indicate how Mr. Ross and Defendant Practical, his employer, could both be liable for any alleged infringements. In its proposed second amended complaint, Plaintiff explains that "Brian Ross personally prepared the construction documents for the Brook of Cheboygan construction project and/or supervised their preparation" and "Defendant Practical authorized, supervised, approved, and encouraged Defendant Ross' work on the Cheboygan project."[2] Pl.'s Mot. Ex. A, at ¶¶ 146,

---

[2] These allegations against Mr. Ross are repeated as to the Boyne City and Gaylord projects as well. *See* Pl.'s Mot. Ex. A, at ¶¶ 174, 202.

147.  But Plaintiff offers nothing else to show Mr. Ross should be personally liable for actions supervised and encouraged by his employer — which is already a Defendant in the case.

Regarding the two additional facilities — which implicate the other four proposed defendants — Plaintiff has similarly failed to show how it exerted proper diligence and yet was unable to comply with the Court's scheduling order.  Although Plaintiff says that as of October 22, 2012 it was only "anecdotally aware of the possibility" that a second facility was under construction, this assertion is contradicted by Plaintiff's own pleadings.  In its February 1, 2012 amended complaint, Plaintiff included the following:

> In addition to the Cheboygan project, on information and belief, Defendant Brook, and/or related companies, despite having received repeated warning to the effect the design is copyrighted, is moving forward with the planning and construction [of] another infringing copy of the [Plaintiff] design in Boyne City, Michigan.

Pl.'s Am. Compl. ¶ 65, ECF No. 16.  Moreover, Plaintiff has published advertising literature promoting its role with the "Brook" faciliites, stating that there "are presently four, with more in the works."  Defs.' Resp. Ex. C.  Plaintiff knew of the Boyne City facility at least as early as February 2012, and the Gaylord facility was already under construction by the first week of October.  Pl.'s Mot. 7.  There is no reason the request to add those claims, and the corresponding defendants, was not made before the last week of December.

Finally, Plaintiff has not demonstrated how the two Defendants it did allege claims against would not be prejudiced by allowing a second amended pleading.  The trial is less than three months away, discovery has been closed for more than four, and at this point Defendants are relatively well-prepared for trial.  To add seven new Defendants and two new claims would necessarily require the trial date to be adjourned and discovery to be reopened.  Such a situation would dramatically prejudice Defendants, who have already exerted considerable time, money,

and energy into the case.  In sum, Plaintiff has not shown it employed the necessary diligence but remained unable to discover the two additional counts and the seven additional defendants it wishes to add now.

<div align="center">IV</div>

Accordingly, it is **ORDERED** that Plaintiff's Motion to Amend, ECF No. 71, is **DENIED**.

Dated: January 14, 2013                                      s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

<div style="border:1px solid black; background-color:#d9d9d9;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2013.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS

</div>