UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORCHEN/MARTIN ASSOCIATES, INC.,

    Plaintiff,                          Case No. 11-10561
                                          Honorable Thomas L. Ludington

v.

THE BROOK OF CHEBOYGAN, INC.;
PRACTICAL ENGINEERS, INC.,

    Defendants.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Dorchen/Martin Associates, Inc. filed a complaint against Defendants The Brook of Cheboygan, Inc. and Practical Engineers, Inc., alleging copyright infringement. Plaintiff claims it created an architectural plan that Defendants used unlawfully. Trial is set to commence on March 12, 2013.

Months after the close of discovery, and after two motions for summary judgment had been addressed, Plaintiff filed a motion to amend its complaint in order to add two counts and seven defendants to the action. Specifically, Plaintiff argued that there are two additional construction projects currently underway that infringe upon its copyrighted material: The Brook of Boyne City and The Brook of Gaylord. According to Plaintiff, it was unable to discover the existence of the projects in order to amend at an earlier time. The Court held that Plaintiff had not demonstrated the requisite amount of diligence to warrant the late additions to the case, and Plaintiff's motion to amend was denied.

Plaintiff then filed a motion to reconsider the opinion and order denying its motion. Plaintiff alleges that the January 14, 2013 Opinion and Order contains "palpable defects," which

if remedied, would lead to a different result.[1] Plaintiff's arguments are without merit. The motion for reconsideration will be denied.

I

Plaintiff initiated suit on February 11, 2011. Its first complaint was dismissed, but Plaintiff was granted leave to amend, which it did on February 1, 2012. Plaintiff's first amended complaint consists of 24 pages and asserts one count of copyright infringement against both Defendants. Plaintiff alleges that Defendants infringed on its copyrighted architectural plans when they constructed of The Brook of Cheboygan facility during 2009.

Defendants filed an answer to Plaintiff's first amended complaint on February 14, 2012, and two weeks later the Court issued a case management and scheduling order to guide the ongoing litigation. *See* Mar. 1, 2012 Case Mgmt. and Scheduling Order, ECF No. 19. The scheduling order established, among others, the following dates: discovery due August 31, 2012; dispositive motion cut-off September 28, 2012; final pretrial conference February 26, 2013; and trial to commence on March 12, 2013. *Id.* at 1.

Nearly four months after the close of discovery, on December 21, 2012, Plaintiff moved for leave to amend its complaint a second time. Plaintiff claimed that there are two other facilities that infringe upon its copyrighted plans — The Brook of Boyne City facility and The Brook of Gaylord facility — facilities it was previously unaware of.[2] Plaintiff sought to file a second amended complaint to account for these additional infringements: a 58-page document

---

[1] It appears that Plaintiff has abandoned its desire to add the count and additional defendants relating to the construction of The Brook of Boyne City. This is likely due to the fact that the evidence was compelling that Plaintiff could have moved for these additions much earlier in the proceedings. Nevertheless, Plaintiff maintains that there was no previous opportunity to add the count and defendants relating to The Brook of Gaylord.

[2] More specifically, Plaintiff claimed that on October 22, 2012 it was only "anecdotally aware of the possibility of a second Brook facility that would constitute a copyright infringement located in Boyne City, Michigan." Pl.'s Mot. Amend 4. And during the third week in November 2012 "entirely by accident, [Plaintiff] stumbled upon yet another duplicate . . . construction [] which appears to have commenced between late September 2012 and late October 2012 in Gaylord." *Id.*

consisting of three counts and nine defendants. However, because Plaintiff did not identify reasonable justification for the delay, and because of the prejudice such a late amendment would cause, Plaintiff's motion to amend was denied.

Plaintiff has asked the Court to reconsider this ruling, specifically as it relates to The Brook of Gaylord. According to Plaintiff, the fact that construction had begun on The Brook of Gaylord facility as early as the first week of October 2012 does not mean Plaintiff should have been aware of the potential infringement at that time. Further, Plaintiff argues that any prejudice that would ensue from this late amendment is the Defendants' own doing, and is therefore irrelevant to the analysis.

## II

A motion for reconsideration will be granted if the moving party shows: "(1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michalec*, 181 F. Supp. 2d at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Michalec*, 181 F. Supp. 2d at 734 (brackets omitted) (quoting E.D. Mich. LR 7.1(h)(3)).

## III

Plaintiff alleges two errors in the Court's opinion and order that require reconsideration. The first is that the timeline for The Brook of Gaylord construction was potentially misunderstood. The second is that the prejudice that would result from allowing Plaintiff to

amend, if any, was caused exclusively by Defendants and should not bear on the analysis. Each claim is addressed below.

A

Plaintiff's primary argument in favor of its motion for reconsideration is that there was no way to know The Brook of Gaylord project potentially infringed on its copyrighted plans until mid-December 2013. According to Plaintiff, only then had "sufficient progress [] been achieved to afford at least some notice that the aesthetics of the Gaylord project were similar to the copyrighted work." Pl.'s Mot. 5, ECF No. 75. Plaintiff is ultimately incorrect. There were numerous ways it could have learned the relevant information about The Brook of Gaylord facility before mid-December.

On February 16, 2012, DFC of Gaylord, LLC (one of the additional defendants Plaintiff seeks to add in its motion to amend), filed a Use Variance Request (UVR) with the City of Gaylord. The UVR indicated DFC of Gaylord intended to construct a building to serve as a "Senior Independent Living" facility.[3] Defs.' Resp. Ex. H, at 1–2. Further, the UVR established that "[i]t has been our goal to keep area seniors in a private residential setting in their own community. *We feel we have been able to accomplish this while actually improving the communities we service.*" *Id*. at 2 (emphasis added). Therefore, as early as February 2012, Plaintiff could have discovered the intentions for an additional Brook facility in Gaylord that would serve the same purpose as the Brook facilities in Roscommon, West Branch, Houghton Lake, Cheboygan, and Boyne City.[4]

---

[3] The same function served by the other Brook facilities in Roscommon, West Branch, Houghton Lake, and Cheboygan.

[4] According to Plaintiff, each of these facilities is based off of its copyrighted architectural plan. Had Plaintiff discovered the proposal for a new Brook facility in Gaylord, it certainly would have been on notice of the potential for yet another infringement.

Plaintiff complains that it could not be expected to monitor Michigan's "1,857 individual [jurisdictional] offices . . . to determine when and where design documents might be submitted that would result in construction that would infringe an architectural works copyright." Pl.'s Mot. 5, n. 3. But, of course, there were many more efficient ways of discovering this information that Plaintiff did not pursue.

Plaintiff could have used a simple interrogatory addressing any future or additional construction of Brook facilities to Defendant Practical Engineers. Plaintiff could have deposed James Dewitt, an individual known to be involved with every Brook facility to date. Plaintiff could have deposed Brian Ross, the manager of Defendant Practical Engineers. Both were listed as a part of Defendants' Rule 26(a)(1) disclosures, dated March 14, 2012, and both men could have answered questions about future Brook facilities. Plaintiff chose not to depose them. Plaintiff also could have requested the production of documents concerning other Brook facilities throughout the state of Michigan. Plaintiff's requests for production, however, focused exclusively on The Brook of Cheboygan and The Brook of Boyne City facilities. *See* Defs.' Resp. Exs. E–F.

In *Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011), the Sixth Circuit established five factors for considering modification of a case management schedule under Federal Rule 16(b)(4), as would be required if Plaintiff's motion to amend was granted. Those factors are as follows: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Id*. at 696 (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). During such analysis, "[t]he overarching inquiry in these

overlapping factors is whether the moving party was diligent in pursuing discovery." *Bentkowski*, 637 F.3d at 696 (quoting *Dowling*, 593 F.3d at 478).

In this case, Plaintiff did not seek any discovery about additional projects. It issued only one interrogatory to both Defendants. It did not depose a single person. It did not request the production of documents related to any Brook facilities aside from Cheboygan and Boyne City. Plaintiff could have discovered the existence of The Brook of Gaylord facility, and the underlying plan it was based on, before mid-December 2012 if it had but attempted to do so. It cannot sidestep these simple facts at this late stage of the proceedings. Plaintiff's motion for reconsideration on this ground will be denied.

**B**

Plaintiff also asserts that any resulting prejudice from modifying the case management and scheduling order is irrelevant because that prejudice "was created by Defendant Practical Engineers." Pl.'s Mot. 8. Plaintiff reasons that Defendant Practical Engineer, through Brian Ross, designed the Gaylord facility and sought the permits. According to Plaintiff, "[i]t is therefore necessary to conclude that but for Defendant Practical's conduct . . . there would be no Gaylord project. Any prejudice to the Defendant(s) occasioned on a request to add claims arising out of that project therefore are attributable exclusively to Defendant Practical." *Id*. at 9.

While it may be true that Defendant Practical Engineers is responsible for creating The Brook of Gaylord facility, that does not address the question of why Plaintiff did not advance claims related to that facility until now. Plaintiff did not learn about the related claims until four months after discovery had closed for reasons that are their own. The prejudice that would result to Defendants if the trial is adjourned at this point is largely attributable to Plaintiff, despite the fact that Defendants may be responsible for additional infringements. Plaintiff's motion for reconsideration will be denied on this ground as well.

- 7 -

## IV

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 75, is **DENIED**.


Dated: February 15, 2013              s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 15, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

---